**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

PLUMBERS AND STEAMFITTERS LOCAL    *
NO. 150 PENSION FUND, and             *
JEFFERY RICE, RORY                   *
LAFONTAINE, JOHN LEWIS            *
ROBERTSON, LARRY L. HALL, JR.,    *
AND CLAY HARLEY, as               *
Trustees of the Pension Fund;     *
                                 *

    Plaintiffs,                  *
                                 *

        v.                       *        CV 1:15-0200
                                 *

MUNS GROUP, INC., MUNS           *
MECHANICAL INC., and C & M        *
EQUIPMENT LEASING, INC.,          *
                                 *

    Defendants.                *

---

**O R D E R**

---

The Court's previous order instructed the Pension Fund to file a computation of damages and allowed Defendants an opportunity to respond to the Fund's computation. (Doc. 33.) The Fund filed a computation of damages totaling $3,243,880.45. (Doc. 34.) These damages included $2,416,913.00 in withdrawal liability, $391,341.26 in interest on unpaid withdrawal liability, $391,341.26 in ERISA statutory damages, $42,407.00 in attorneys' and paralegals' fees, and $1,877.93 in legal fees and expenses. Defendants do not object to the Fund's computation. (Doc. 36.)

The Court, however, objects to one portion of the Plaintiffs' bill: the attorneys' fees. "A reasonable hourly rate is the prevailing market rate in the relevant legal

community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, 836 F.3d 1292, 1299 (11th Cir. 1988). The "going rate" in the community is the most critical factor in setting the fee rate. Martin v. Univ. of S. Ala., 911 F.2d 604, 610 (11th Cir. 1990). The relevant legal community is the district in which the court sits. Knight v. Alabama, 824 F. Supp. 1022, 1027 n.1 (N.D. Ala. 1993) (citing Turner v. Sec'y of Air Force, 944 F.2d 804, 808 (11th Cir. 1991)). Because the Court is itself considered an expert on hourly rates in the community, it may consult its own experience in forming an independent judgment. Norman, 836 F.2d at 1303.

This Court has previously established $275.00 per hour as a reasonable billing rate in the Augusta legal market. M.I.T., Inc. v. Medcare Express, N. Charleston, LLC et al., No. 1:14-cv-081, Doc. 12 (S.D. Ga. Oct. 14, 2014). This was an increase upon the earlier rate of $250.00 per hour. See Guzman v. Consumer Law Grp. et al., No. 1:11-cv-187, Doc. 91 (S.D. Ga. Nov. 6, 2012); Johnson v. YKK Am., Inc., No. 3:07-cv-048, Doc. 171 (S.D. Ga. Apr. 29, 2010); Ingram v. Kellogg's Sales Co., No. 1:09-cv-021, Doc. 39 (S.D. Ga. Feb. 24, 2010); Salazar v. Milton Ruben Chevrolet, Inc., No. 1:06-cv-195, Doc. 86 (S.D. Ga. Mar. 6, 2009). The Court, recognizing that three years have passed since it last adjusted the reasonable billing rate in the

Augusta market, now sets the reasonable rate at $300.00 per hour.

Based upon the Court's reasonable rate, it now adjusts the hourly rates requested by Plaintiffs. Plaintiffs seek an hourly rate of $180.00-$210.00 per hour for their paralegals' time, $360.00 per hour for Ms. Bower's time, $385.00 per hour for Mr. Gordon's time, $500.00 an hour for Mr. Elrod's time, $595.00 per hour for Mr. Coleman's time in 2015, and $610 per hour for Mr. Coleman's time in 2016. (Gordon Decl. ¶¶ 23-25.) The Court first adjusts the paralegals' rate to $100.00 per hour. It next sets the billing rate at $300.00 per hour for Ms. Bower and Mr. Gordon. Finally, it acknowledges the experience and expertise of Mr. Coleman and Elrod. It thus awards Mr. Coleman and Elrod attorneys' fees at the rate of $400.00 per hour.

After recalculating the total fees based on these rates, and applying a uniform billing rate of $100.00 for paralegal fees, the Court determines that the appropriate amount of attorneys' fees to award in this case is $27,100.00. The Court arrived at this number by summing Ms. Bower's fees (77.9 hours at $300/hr.); Mr. Gordon's fees (3.2 hours at $300/hr.); Mr. Elrod's fees (1.1 hours at $400/hr.); Mr. Coleman's fees (3.2 hours at $400/hr.); and the paralegals' fees (7.3 hours at $100/hr.). This brings the new total damages requested by Plaintiffs to $3,228,573.45. Thus, in accordance with this

3

Court's previous order, the Court directs the Clerk to **ENTER JUDGMENT** against Defendants in the amount of **$3,228,573.45.** The Court further instructs the Clerk to **CLOSE** this case and **TERMINATE** all deadlines.

ORDER ENTERED at Augusta, Georgia, this 22nd day of March, 2017.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA